**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO.

STEPHEN ARONSON,

Plaintiff,

v.

**COMPLAINT AND TRIAL BY JURY DEMAND**

MIDWEST RECOVERY SYSTEMS, LLC
AND O'BRIEN, WEXLER & ASSOCIATES, LLC,

Defendants.

---

**NATURE OF ACTION**

1. Plaintiff Stephen Aronson ("Plaintiff") brings this action against Defendants Midwest Recovery Systems, LLC ("Midwest") and O'Brien, Wexler & Associates, LLC ("O'Brien") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION, VENUE, AND STANDING**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may

'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See Id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

**THE FAIR DEBT COLLECTION PRACTICES ACT**

7. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8. The FDCPA is a strict liability statute. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

9. "A single violation of the Act is sufficient to subject a debt collector to liability

under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013)

10. The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (*quoting Jeter*, 760 F.2d at 1177 n. 11).

11. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e. *See Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

12. "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir.2006) (internal quotation omitted)).

13. "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d. Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006)).

14. "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Federal Home Loan Mortgage Corp. v.*

*Lamar*, 503 F.3d 504, 512 (6th Cir.2007), *quoting Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).

15. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

16. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse"). 15 U.S.C. § 1692e(8) which prohibits "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

17. The FTC has stated: "It is a violation [of § 1692e(10)] to send any communication that conveys to the consumer a false sense of urgency." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-50110 (Dec. 13, 1988).

**PARTIES**

18. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Plantation.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

20. Midwest is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

21. Midwest is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. O'Brien is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

23. O'Brien is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

24. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendants.

25. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal payday loan (the "Debt").

26. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

27. In connection with the collection of the Debt, Midwest, itself and on behalf of O'Brien, sent Plaintiff an email dated November 7, 2016.

28. The November 7, 2016 email was Defendants' initial communication with respect to the Debt.

29. Defendants' email demanded Plaintiff pay $775.00.

30. Defendant's email further threatened: "This account will be reported to all 3 of the major credit bureaus as a derogatory collection account unless we are able to come to a resolution."

31. However, Plaintiff had previously paid the Debt in full on April 11, 2013.

32. Further, Plaintiff received notice that Midwest, itself and on behalf of O'Brien,

had already reported the Debt on Plaintiff's Trans Union and Experian credit reports prior to sending the November 7, 2016 email.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

33. Plaintiff repeats and re-alleges each factual allegation contained above.

34. Midwest violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

35. O'Brien, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Midwest —the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(8)**

36. Plaintiff repeats and re-alleges each factual allegation contained above.

37. Midwest violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false.

38. O'Brien, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Midwest —the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(8);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

39. Plaintiff repeats and re-alleges each factual allegation contained above.

40. Midwest violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt..

41. O'Brien, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Midwest —the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

42. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 24, 2017.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206